SEP 30 2026 PM2:18
FILED - USDC - FLMD - FTM

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v. CASE NO. 2:26-cr- 273-SPC-KRH
18 U.S.C. § 2251(a)
(Production of Child Pornography)

DAVID WADSWORTH

**INDICTMENT**

The Grand Jury charges:

**COUNT ONE**
**(Production of Child Pornography)**

On or about April 5, 2025, through on or about April 12, 2025, in the Middle District of Florida, and elsewhere, the defendant,

DAVID WADSWORTH,

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor, MV1, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce,

and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

**COUNT TWO**
**(Production of Child Pornography)**

On or about April 5, 2025, through on or about April 12, 2025, in the Middle District of Florida, and elsewhere, the defendant,

DAVID WADSWORTH,

did employ, use, persuade, induce, entice, and coerce, and attempt to employ, use, persuade, induce, entice, and coerce a minor, MV2, to engage in any sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In violation of 18 U.S.C. § 2251(a) and (e).

**FORFEITURE**

1. The allegations contained in Counts One and Two are incorporated by

reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 2253.

2. Upon conviction of a violation of 18 U.S.C. §§ 2251(a), 2252(a)(2), or 2252(a)(4)(b), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 2253:

a. Any visual depiction described in 18 U.S.C. §§ 2251, 2251A, or 2252, 2252A, 2252B, or 2260 of chapter 110 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of chapter 110;

b. Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c. Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

3. The property to be forfeited includes, but is not limited to, the following: Apple iPhone 15 cellphone, with IMEI: 351048873991511; and Micro SD card.

4. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 2253(b).

A TRUE BILL,

[redacted]
Foreperson

GREGORY W. KEHOE
United States Attorney

By: Yolande G. Viacava
Yolande G. Viacava
Assistant United States Attorney

By: Jesus M. Casas
Jesus M. Casas
Assistant United States Attorney
Chief, Fort Myers Division

FORM OBD-34
APR 1991

No. 2:26-cr-

**UNITED STATES DISTRICT COURT**
Middle District of Florida
Fort Myers Division

THE UNITED STATES OF AMERICA

vs.

DAVID WADSWORTH

**INDICTMENT**

Violations:
18 U.S.C. § 2251(a) and (e)

A true bill,

[redacted]
Foreperson

Filed in open court this 30th day

of September, 2026

Clerk

Bail $____________________

GPO 863 525